UNITED STATES, Appellee

v

JAMES ROBERTSON, Merchant Seaman, Civilian, Appellant

6 USCMA 805, 21 CMR 127

No. 5441

Decided March 30, 1956

*Fred W. Shields, Esq., Calvin H. Childress, Esq.,* and *Commander James A. Brough, USN,* were on the brief for Appellant, Accused.

*Major Verne L. Oliver, USMC,* was on the brief for Appellee, United States.

### Opinion of the Court

PER CURIAM:

This is the second time this case has been before us. See United States v Robertson, 5 USCMA 306, 19 CMR 102.

The accused was initially convicted of the unpremeditated murder of a fellow American seaman in Yokohama, Japan. Upon our initial review, we gave exhaustive consideration to the facts, and concluded that the accused was amenable to court-martial jurisdiction under Article 2(11), Uniform Code of Military Justice, 50 USC § 552, as a person serving with, or accompanying the armed forces outside the territorial limits of the United States and its possessions. We also held that an issue of involuntary manslaughter had been raised at the trial, and reversed, for the law officer had failed to treat this subject in his instructions. At that time we did not consider the constitutionality of Article 2(11) of the Code, supra, and the constitutional question was not argued by defense counsel before us. Our original decision directed the return of the case to The Judge Advocate General of the Navy for appropriate action. This took the form of a reduction of the findings, by a board of review, to involuntary manslaughter, and affirmance of an appropriate sentence, rather than a rehearing for unpremeditated murder. In the meantime, the Supreme Court decided the case of Toth v Quarles, 350 US 11, 76 S Ct 1, 100 L ed — (1955), holding that Article 3(a) of the Code, 50 USC § 553, which purported to confer jurisdiction on courts-martial to try former members of the military was unconstitutional. Following the affirmance of modified findings and sentence by the board of review, the accused comes to this Court again, urging, for the first time, the constitutional invalidity of Article 2(11), supra.

In United States v Burney, 6 USCMA 776, 21 CMR 98, we gave exhaustive consideration to the question of the constitutionality of Article 2(11) of the Code, and concluded that, on the basis of precedent, history, and logic, it was constitutionally sound. Most of what was said there is equally pertinent here, adequately disposes of the issue presented, and will not be repeated.

Accordingly, the decision of the board of review is affirmed.